# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| TRAFFIC INFORMATION, LLC, | § § § | |
| v. | § § | Case No. 2:13-CV-118-JRG-RSP |
| REGIONS FINANCIAL CORPORATION | § § § | |

## MEMORANDUM ORDER

Before the Court is Defendant Regions Financial Corporation's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Dkt. No. 26, filed July 23, 2013.)[1] The complaint against Regions was filed on February 11, 2013. Regions waited over five months after being served with the summons before filing the instant motion to transfer on convenience grounds.[2]

This is one of many cases filed by Plaintiff Traffic Information, LLC alleging infringement of U.S. Patent No. 6,785,606 ("the '606 patent"). The '606 patent relates to a system for providing traffic information to a plurality of mobile users. This patent has been or is being litigated in over twenty cases in this district, including ten other cases filed in 2013.

## APPLICABLE LAW

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2006). The first inquiry when

---

[1] Regions' instant motion is virtually identical to a motion filed by the same counsel on behalf of Fifth Third Bancorp requesting transfer to the Southern District of Ohio. (Case No. 2:13-cv-121, Dkt. No. 21, filed August 7, 2013.)

[2] The present motion to transfer venue is brought solely on convenience grounds under 28 U.S.C. § 1404 because the Eastern District of Texas is an undisputed proper venue for this lawsuit, and Regions admitted this in its Answer at Paragraph 8 (Dkt. No. 15).

analyzing a case's eligibility for § 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2009). The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319. The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319.

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) ("*In re Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden of proving that the transferee venue is "clearly more convenient" than the transferor venue. *In re Volkswagen II*, 545 F.3d at 315; *In re Nintendo*, 589 F.3d at 1200; *In re TS Tech*, 551 F.3d at 1319. Furthermore, though the private

and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen II*, 545 F.3d at 314-15.

Timely motions to transfer venue should be "should [be given] a top priority in the handling of [a case]," and "are to be decided based on 'the situation which existed when suit was instituted.'" *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003); *In re EMC Corp.*, Dkt. No. 2013-M142, 2013 WL 324154 (Fed. Cir. Jan. 29, 2013) (quoting *Hoffman v. Blaski*, 363 U.S. 335, 443 (1960)).

**DISCUSSION**

**A.     Proper Venue**

The Northern District of Alabama and the Eastern District of Texas are proper venues. While Regions states "Defendant Regions also has no particular ties to this forum" (Mot. at 2), Traffic notes that Regions has "numerous branches throughout the Eastern District of Texas, including, for example, branch bank locations in Longview, Kilgore, Plano, Allen, Flower Mound, Lufkin and Nacogdoches." (Resp. at 2.) The Court is shocked that Regions would make such a demonstrably false statement and counts it against Regions' credibility.[3]

**B.     Private Interest Factors**

**1.     Relative Ease of Access to Sources of Proof**

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in

---

[3] Regions does not explain this issue in its Reply. As the bulk of Regions' Motion, including the quoted section, is virtually identical to a motion filed by the same attorneys—Robin L. McGrath and E. Joseph Benz III of Paul Hastings—on behalf of Fifth Third Bancorp (Case No. 2:13-cv-121, Dkt. No. 21), the Court considers that one possible explanation is that Regions' false statement is an example of "find and replace" lawyering on the part of its counsel.

favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (citation omitted).

Regions is a Delaware corporation with its principal place of business in Birmingham, Alabama. Regions submitted a June 28, 2013 declaration of Christopher J. Cox, Executive Vice President at Regions (Dkt. No. 22-1, hereinafter "Cox Decl.") along with its motion.[4] Mr. Cox declares that he is "responsible for, among other things, online and mobile services at Regions." (Dkt. No. 22-1 at 1.) Mr. Cox states that "Regions' Application Engineers, Systems Engineers, Platform Managers and Developers, and other personnel familiar with Regions' products and/or services, their design, development and operation are located in and around Birmingham, Alabama." (*Id.*). Mr. Cox states that he is "unaware of any development of the accused Regions products and/or services being conducted in Texas or of any Regions employees who are likely to be witnesses that reside in Texas." (*Id.*). Mr. Cox states that, "[a]s a result of Regions' headquarters being located in Birmingham, Alabama, the vast majority of the design, testing and support for Regions' products and/or services occurred at Regions' headquarters in Birmingham, Alabama." (*Id.* at 2.) Mr. Cox states that "most documents related to Regions' products and/or services are also located in Birmingham, Alabama." (*Id.*) While Regions' motion states that the "relative ease of access to sources of proof and location of relevant documents favors

---

[4] The Court notes that Mr. Cox's declaration was altered between the time it was signed and the time it was attached to Regions' motion. The second page of Mr. Cox's declaration, which was scanned and includes Mr. Cox's signature, reveals an after image showing that the first page of his declaration—as signed—had handwritten annotations. (*See* Cox Decl. at 2) The handwritten annotations from the first page of the as-signed declaration do not appear on the first page of Mr. Cox's declaration attached to Regions' motion. (*Compare* Cox Decl. at 1 to Cox Decl. at 2). From examining the image, the annotations appear to filled-in blanks for Mr. Cox's title, job responsibilities, and duration of employment with Regions. The Court assumes that this is true, that the blanks were filled in by Mr. Cox, and that Mr. Cox's writing was typed up exactly as written. However, it does appear that the body of the declaration was composed by someone unfamiliar with Mr. Cox rather than by Mr. Cox himself.

transfer . . . ." the Court notes that Mr. Cox's declaration makes no clear statement that witnesses or documents relevant to the accused products are located in Birmingham, Alabama.

Traffic is a Texas limited liability company. Traffic does not identify any sources of proof located in the Eastern District of Texas.

This factor weighs in favor of transfer to the Northern District of Alabama.

### 2. Cost of Attendance for Willing Witnesses

"The convenience of the witnesses is probably the single most important factor in a transfer analysis." *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009). While the Court must consider the convenience of both the party and non-party witnesses, it is the convenience of non-party witnesses that is the more important factor and is accorded greater weight in a transfer of venue analysis. *Aquatic Amusement Assoc., Ltd. v. Walt Disney World Co.*, 734 F.Supp. 54, 57 (N.D.N.Y. 1990); *see also* 15 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3851 (3d ed. 2012). "A district court should assess the relevance and materiality of the information the witness may provide." *In re Genentech, Inc.*, 566 at 1343. However, there is no requirement that the movant identify "key witnesses," or show "that the potential witness has more than relevant and material information . . . ." *Id.* at 1343-44.

According to Mr. Cox, "Regions' Application Engineers, Systems Engineers, Platform Managers and Developers, and other personnel familiar with Regions' products and/or services, their design, development and operation are located in and around Birmingham, Alabama." (Cox Decl. at 1.) Mr. Cox also states that, "[a]s a result of Regions' headquarters being located in Birmingham, Alabama, the vast majority of the design, testing and support for Regions' products and/or services occurred at Regions' headquarters in Birmingham, Alabama." (*Id.* at 2.)

Regions argues that having to travel would increase its costs. (Mot. at 8.) Regions argues that its willing witnesses must travel 490 miles to reach this Court. (*Id.*) Regions concedes that, if the case were transferred, Traffic would have to travel further. (*Id.* at 9.) Regions argues that "Portland, Oregon and Camas, Washington are both over 2,200 miles from Marshall, Texas." (*Id.* at 9.) Regions argues that "Birmingham, Alabama is only 10% further from these witnesses than Marshall," "so this minimal extra distance will not result in significant increased costs, if any." (*Id.*) As Regions provides no citations for its arguments, the Court was forced to examine maps. Regions appears to have calculated its distances using the "long" option for driving directions. While driving is often a convenient means of travel, the Court has observed that driving is less commonly used in cross country cases. As the crow—or an airplane—flies Marshall, Texas is, approximately, 1750 miles from Portland, Oregon; 1750 miles from the Camas Valley in Washington; and 445 miles from Birmingham, Alabama, whereas Portland, Oregon is, approximately, 2070 miles from Birmingham, Alabama.[5] As to Regions' argument that the "minimal extra distance [Traffic would have to travel] will not result in significant increased costs, if any," the Court notes that Regions provides no supporting evidence for this assertion.

Traffic argues that Regions has identified no specific party or non-party witnesses. (*Id.* at 8). Traffic argues that the only practical effect of transfer on witness convenience is that the perceived inconvenience will be shifted to Traffic.

The convenience of willing witnesses is neutral.

---

[5] Distances calculated using http://www.distancefromto.net/ and doubled checked with http://www.geobytes.com/CityDistanceTool.htm.

### 3. Availability of Compulsory Process to Secure the Attendance of Witnesses

Neither party has identified any relevant third-party witnesses in this District or in the Northern District of Alabama. This factor is neutral.

### 4. All Other Practical Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive

For this factor, Regions essentially reargues the earlier private interest factors, stating "[t]he convenience of Regions being located in Birmingham, Alabama indicates that trial in the Northern District of Alabama would be much easier and inexpensive." (Mot. at 9.) Regions discusses no practical problem other than its travel costs to trial.

Traffic argues that there are multiple pending cases involving the same patent in this district, and that "[a]ny convenience to be gained by transferring the action against Regions would be offset by the loss of judicial efficiency." (Resp. at 10-11). On the day this case was filed, fifteen other cases involving the same asserted patent were pending before this District, including five that had been pending for more than a year. This case was consolidated with seven other cases. (Case. No. 2:13-cv-114, Dkt. No. 20). Of these eight consolidated cases, only this case and one other moved to transfer.[6] The Court finds that considerations of judicial economy weigh against transfer.

## C. Public Interest Factors

### 1. Administrative Difficulties Flowing From Court Congestion

The speed with which a case can come to trial and be resolved is a factor in the transfer analysis. A proposed transferee court's "less congested docket" and "[ability] to resolve this dispute more quickly" is a factor to be considered. *In re Hoffman-La Roche*, 587 F.3d 1333, 1336 (Fed. Cir. 2009). This factor is the "most speculative," and in situations where "several

---

[6] *See supra* n.1.

relevant factors weigh in favor of transfer and others are neutral, the speed of the transferee district court should not alone outweigh all of those other factors." *In re Genentech*, 566 F.3d at 1347.

Regions argues that this factor weighs "slightly in favor of transfer." (Mot. at 11.) Regions argues, citing—presumably deliberately—to September 2011 statistics from the U.S. Courts, that the median time to disposition of a civil action in the Northern District of Alabama was 8.3 months compared to 8.6 months in this District and the median time to reach a civil trial in the Northern District of Alabama was 18.7 months compared to 26.1 months in this District. The Court notes that, using March 2013 statistics from the U.S. Courts, which were presumably available at the time Regions filed its motion, the median time to disposition of a civil action in the Northern District of Alabama was 7.9 months compared to 8.3 months in this District and the median time to reach a civil trial in the Northern District of Alabama is 30.8 months compared to 18.5 months in this District.

Investigating patent case statistics (as opposed to general civil case statistics), the Court observes that—over the last five years—the median time to trial for a patent case in the Northern District of Alabama was 4.1 years[7] compared to 2.3 years in this District.

Traffic notes that the case has a January 5, 2015 trial date (Lead Case. No. 2:13-cv-0014-JRG-RSP, Dkt. No. 35, filed August 30, 2013), that it would take time for this case to be transferred, and that the median times cited by Regions would not begin to run until the time of the transfer. (Resp. at 12.) The Court finds that this factor weighs against transfer.

---

[7] There is only one identifiable patent case that had gone to trial in the last five years in the Northern District of Alabama.

### 2. Local Interest in Having Localized Interests Decided at Home

This factor considers the interest of the locality of the chosen venue in having the case resolved there. *Volkswagen I*, 371 F.3d at 205-06. This consideration is based on the principle that "[j]ury duty is a burden that ought not to be imposed upon the people of a community [that] has no relation to the litigation."

Regions argues that "[t]he Northern District of Alabama has a particular local interest in this case" and that "Birmingham, Alabama is where the defendant is located and where technology development and corporate decisions are made." (Mot. at 12.)

Traffic argues that the Northern District of Alabama has no greater interest in this case because Regions has a strong presence in both forums and the alleged infringement occurs in both forums. (Resp. at 13.) The Court finds that this factor weighs in favor of transfer.

### 3-4. Familiarity of the Forum With the Law that Will Govern the Case and Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law

These factors are neutral.

### CONCLUSION

The Court finds that Movants have not established that the Northern District of Alabama is a clearly more convenient forum than the Eastern District of Texas. Accordingly, Defendant Regions Financial Corporation's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Dkt. No. 26) is **DENIED**.

SIGNED this 25th day of February, 2014.

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE